**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**LUFKIN DIVISION**

| | | |
|---|---|---|
| **REBECCA ABNEY, ET AL** § | | |
|               **Plaintiffs** § | Civil Action No. _____ | |
| **VS.** § | | |
| § | **JURY DEMAND** | |
| **MODERN EPC, INC.,** § | | |
|               **Defendant** § | | |

**PLAINTIFFS' ORIGINAL COMPLAINT**

Plaintiffs complain of Modern EPC, Inc. (hereinafter referred to as Defendant), and for cause of action would show the Court as follows:

### I. INTRODUCTION

1. Plaintiffs demand a jury trial in this case as to any and all issues triable to a jury.

2. Plaintiffs bring this action on behalf of themselves for being terminated without cause as part of, or as a result of, mass layoffs or plant closings ordered by Defendant on or about February 24, 2009, and who were not provided 60 days advance written notice of their terminations by Defendant, as required by the Worker Adjustment and Retraining Notification Act (WARN Act), 29 U.S.C. § 2101, et seq.

3. Plaintiffs and all other similarly situated employees seek to recover 60 days wages and benefits, pursuant to 29 U.S.C. § 2101, et seq. from Defendant.

4. This action seeks equitable relief, back pay and benefits, penalties, compensatory damages, attorneys fees, expert witness fees, taxable court costs, pre-judgment and postjudgment interest.

### II. JURISDICTION AND VENUE

1. This court has jurisdiction over the subject matter of this action under 28 U.S.C.§§ 1331 and 29 U.S.C. § 2104(a)(5).

2. The violation of the WARN Act alleged herein occurred in this district.

3.  Venue is proper in the Eastern District of Texas B Houston Division because Plaintiffs reside in the Eastern District of Texas Lufkin Division, and Defendant has substantial contacts within this district.

### III. PARTIES

1.  Plaintiff Rebecca Abney is a resident of Texas, residing in the Eastern District of Texas.

2.  Plaintiff Ami Ashworth is a resident of Texas, residing in the Eastern District of Texas.

3.  Plaintiff Phillip Auster is a resident of Texas, residing in the Eastern District of Texas.

4.  Plaintiff Corey Beenen is a resident of Texas, residing in the Eastern District of Texas.

5.  Plaintiff Elmer R. Blackwell is a resident of Texas, residing in the Eastern District of Texas.

6.  Plaintiff Brandon D. Boggan is a resident of Texas, residing in the Eastern District of Texas.

7.  Plaintiff George Robin Bond is a resident of Texas, residing in the Eastern District of Texas.

8.  Plaintiff Kyle Borne is a resident of Texas, residing in the Eastern District of Texas.

9.  Plaintiff Robert E. Broussard is a resident of Texas, residing in the Eastern District of Texas.

10. Plaintiff Cody Shane Bryant is a resident of Texas, residing in the Eastern District of Texas.

11. Plaintiff Mark Burrows is a resident of Texas, residing in the Eastern District of Texas.

12. Plaintiff Ronnie Glen Burton is a resident of Texas, residing in the Eastern District of Texas.

13. Plaintiff Richard L. Crofford is a resident of Texas, residing in the Eastern District of Texas.

14. Plaintiff Brandon Daniels is a resident of Texas, residing in the Eastern District of Texas.

15. Plaintiff Shane Dean is a resident of Texas, residing in the Eastern District of Texas.

16. Plaintiff Scott Enderle is a resident of Texas, residing in the Eastern District of Texas.

17. Plaintiff Joseph E. Fitzgerald, Jr. is a resident of Texas, residing in the Eastern District of Texas.

18. Plaintiff Deborah Fontenot is a resident of Texas, residing in the Eastern District of Texas.

19. Plaintiff Lee Wayne Foux is a resident of Texas, residing in the Eastern District of Texas.

20. Plaintiff James Randy Fowler, Jr. is a resident of Texas, residing in the Eastern District of Texas.

21. Plaintiff Benjamin J. "Jack" Funderburk, Jr. is a resident of Texas, residing in the Eastern District of Texas.

22. Plaintiff Figlia Alongi Giacomo is a resident of Texas, residing in the Eastern District of Texas.

23. Plaintiff Michael W. Glenn is a resident of Texas, residing in the Eastern District of Texas.

24. Plaintiff Art Graham is a resident of Texas, residing in the Eastern District of Texas.

25. Plaintiff Joseph Wayne Granger is a resident of Texas, residing in the Eastern District of Texas.

26. Plaintiff Richard D. Gresham is a resident of Texas, residing in the Eastern District of Texas.

27. Plaintiff Angie Hebert is a resident of Texas, residing in the Eastern District of Texas.

28. Plaintiff De Adra D. Hereia is a resident of Texas, residing in the Eastern District of Texas.

29. Plaintiff Terry G. Hines is a resident of Texas, residing in the Eastern District of Texas.

30. Plaintiff Albert S. Johnson is a resident of Texas, residing in the Eastern District of Texas.

31. Plaintiff Keith R. Johnston is a resident of Texas, residing in the Eastern District of Texas.

32. Plaintiff Brenda Jones is a resident of Texas, residing in the Eastern District of Texas.
33. Plaintiff Ernie Knight is a resident of Texas, residing in the Eastern District of Texas.
34. Plaintiff Richard Kruft is a resident of Texas, residing in the Eastern District of Texas.
35. Plaintiff Lindsey LaFleur is a resident of Texas, residing in the Eastern District of Texas.
36. Plaintiff Todd Longron is a resident of Texas, residing in the Eastern District of Texas.
37. Plaintiff Cynthia Lundy is a resident of Texas, residing in the Eastern District of Texas.
38. Plaintiff Mary Malmay is a resident of Texas, residing in the Eastern District of Texas.
39. Plaintiff Leon Marburger is a resident of Texas, residing in the Eastern District of Texas.
40. Plaintiff Larry D. Martel, II is a resident of Texas, residing in the Eastern District of Texas.
41. Plaintiff Brian Martin is a resident of Texas, residing in the Eastern District of Texas.
42. Plaintiff Judson D. McDonald is a resident of Texas, residing in the Eastern District of Texas.
43. Plaintiff William L. Miller is a resident of Texas, residing in the Eastern District of Texas.
44. Plaintiff Kacey Moore is a resident of Texas, residing in the Eastern District of Texas.
45. Plaintiff Kent Moss is a resident of Texas, residing in the Eastern District of Texas.
46. Plaintiff Tracey L. Mott is a resident of Texas, residing in the Eastern District of Texas.
47. Plaintiff Susan A. Neil is a resident of Texas, residing in the Eastern District of Texas.
48. Plaintiff Benjamin Okadigbo is a resident of Texas, residing in the Eastern District of Texas.
49. Plaintiff Shane Peveto is a resident of Texas, residing in the Eastern District of Texas.

50. Plaintiff Dane Quarles is a resident of Texas, residing in the Eastern District of Texas.

51. Plaintiff Logan Don Ratcliff, II is a resident of Texas, residing in the Eastern District of Texas.

52. Plaintiff Heath Reynolds is a resident of Texas, residing in the Eastern District of Texas.

53. Plaintiff Barry Ryman is a resident of Texas, residing in the Eastern District of Texas.

54. Plaintiff Morris Wayne Schroeder, Jr. is a resident of Texas, residing in the Eastern District of Texas.

55. Plaintiff Jack L. Smith is a resident of Texas, residing in the Eastern District of Texas.

56. Plaintiff Neil Smith is a resident of Texas, residing in the Eastern District of Texas.

57. Plaintiff Craig Soignet is a resident of Texas, residing in the Eastern District of Texas.

58. Plaintiff Linda R. Thomas is a resident of Texas, residing in the Eastern District of Texas.

59. Plaintiff Jeff Vickers is a resident of Texas, residing in the Eastern District of Texas.

60. Plaintiff Keith Waldrup is a resident of Texas, residing in the Eastern District of Texas.

61. Plaintiff Kevin W. Walker is a resident of Texas, residing in the Eastern District of Texas.

62. Plaintiff Jerry Welch is a resident of Texas, residing in the Eastern District of Texas.

63. Plaintiff Troy Welch is a resident of Texas, residing in the Eastern District of Texas.

64. Plaintiff Jeremy J. West is a resident of Texas, residing in the Eastern District of Texas.

65. Modern EPC, Inc. is a Texas corporation and may be served with process through its registered agent for service, Casey Crenshaw, 1655 Louisiana, Beaumont, Texas, 77701.

## IV.  FACTS

1. The WARN act applies to employers that have a total of 100 or more employees. Defendant employed more than 100 employees.

2. The WARN act requires employers to provide employees with 60-day notice prior to a plant closing or a mass layoff. Plaintiffs were not provided with proper 60-day notice under the WARN Act.

3. A mass layoff is defined under the WARN Act as a reduction in force that, although not a plant closing, results in an employment loss at a single site of employment during any 30day period for at least 33% of the active employees, excluding part-timers, and at least 50 full-time employees. Defendant terminated at least 50 employees and at least 33% of the active workforce.

4. Specifically, on or about May 1,2009, Plaintiffs were terminated on May 1, 2009, as part of a plant closing or a mass layoff. Plaintiffs were not provided with proper 60-day notice under the WARN Act. Accordingly, Defendant violated the WARN Act.

5. At all relevant times, Defendant employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

6. At all relevant times, Defendant was an employer, as that term is defined in 29 U.S.C. §2101 (a)(1) and 20 C.F.R. §639(a).

7. At all relevant times, Plaintiffs were employees of Defendant as that term is defined by 29 U.S.C. §2101.

8. On or about May 1, 2009, the Defendant ordered mass layoffs and/or plant closings at the facility, as that term is defined by 29 U.S.C. §2101(a)(2).

9. The mass layoffs and/or plant closings at the facility resulted in employment losses,

as that term is defined by 29 U.S.C. §2101(a)(2) for at least fifty of Defendant's employees as well as 33% of Defendant's workforce at the facility, excluding part-time employees, as that term is defined by 29 U.S.C. §2 101(a)(8).

10. The Plaintiffs were terminated by Defendant without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoff or plant closing ordered by Defendant at the facility.

11. The Plaintiffs are affected employees of Defendant, within the meaning of 29 U.S.C. §2101 (a)(5).

12. Defendant was required by the WARN Act to give the Plaintiffs at least 60 days advance written notice of their terminations.

13. Defendant failed to give the Plaintiffs written notice that complied with the requirements of the WARN Act.

14. The Plaintiffs are aggrieved employees of the Defendant as that term is defined in 29 U.S.C. §2104 (a)(7).

15. Defendant failed to pay Plaintiffs their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following the notice of their respective terminations, and failed to make the pension and 401(k) contributions and provide employee benefits under ERISA, other than health insurance, for 60 days following the notice of their respective.

## V.  JURY DEMAND

Plaintiffs hereby make their request for a jury trial on behalf of themselves and others similarly situated.

## VI.  PRAYER

WHEREFORE, the Plaintiffs pray for the following relief as against Defendant, jointly

and severally:

1. Judgment against Defendant for actual damages (back pay and benefits) sustained by Plaintiffs;

2. A judgment in favor of the Plaintiffs and each of the affected employee equal to the sum of: their unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other ERISA benefits, for 60 days, that would have been covered and paid under the then-applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act, 29 U.S.C. §2104 (a)(1)(4);

3. Interest as allowed by law on the amounts owed under the preceding paragraph;

4. Plaintiffs reasonable attorneys fees and the cost s and disbursement that Plaintiffs incurred in prosecuting this action, as authorized by the WARN Act, 29 U.S.C. §2104(a)(6);

5. Grants Plaintiffs all penalties assessed against Defendant;

6. Pre-judgment interest at the highest legal rate;

7. Post-judgment interest at the highest legal rate until paid;

8. All costs of court, including administrative costs;

9. Such other and further relief, at law or in equity, general or special to which Plaintiffs justly entitled.

Respectfully submitted,

**WELLER, GREEN, TOUPS & TERRELL, LLP**

By: _____
B. ADAM TERRELL
Texas Bar No. 19790900
Post Office Box 350
Beaumont, TX  77704-0350
Phone:  (409) 838-0101
Fax:     (409) 832-2940

ATTORNEYS FOR PLAINTIFFS